In re Lamar M. JOLLY, Debtor.

**CARDINAL SERVICE CORPORATION OF RICHMOND, Plaintiff,**

v.

**Lamar M. JOLLY, Defendant.**

Bankruptcy No. 89–121–3P7.
Adv. No. 89–90.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 13, 1991.

See also 106 B.R. 299.

Hugh T. Antrim, Richmond, Va., E. Robert Meek, Jacksonville, Fla., for plaintiff.

Michael S. May, Deland, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Cardinal Service Corporation of Richmond seeks determination that the judgment debt owed to it by the defendant, Lamar M. Jolly, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

At trial, plaintiff presented as evidence pertinent portions of the certified record of a previous proceeding between the same parties in the Circuit Court of Williamsburg and James City County, Virginia (State Court Proceeding), including pleadings, transcript, exhibits, jury instructions, jury verdict, judgment order and the order of the state appellate court dismissing defendant's appeal. Defendant did not present evidence.

Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. In January 1986, defendant represented to plaintiff two proposals for plaintiff's interim participation in two limited partnerships, each of which was to buy and operate a motel property in South Carolina.

2. Under the proposals, plaintiff was to become defendant's partner for a period of three to six months, pending syndication of each venture to third-party investors. During this short period, plaintiff was to contribute funds to each partnership for use in purchasing and refurbishing each motel property as well as paying syndication expenses, including the expenses of preparing an offering circular.

3. The definitive partnership agreements were executed in early March 1986. The offering circulars were never completed, as partnership counsel was never able to obtain satisfactory information from defendant, the managing partner of both partnerships.

4. By September 1986, the idea of syndication was abandoned and defendant was proposing that the two ventures be refinanced in a manner which would allow plaintiff to withdraw as a partner. Refinancing was not arranged, and defendant proposed instead that a new general partner be brought in to replace plaintiff. No new general partner was found and in late December 1986, plaintiff arranged the sale of each motel property to a third party.

5. After the sale, plaintiff paid out approximately $575,000 to discharge debts of the two partnerships which had been incurred while defendant was the day-to-day managing partner. These debts had not been paid because defendant had diverted partnership funds to other ventures or properties in which he had an interest. Each partnership agreement expressly prohibited such transfers.

6. Plaintiff subsequently initiated the state court proceeding. In July 1988, a jury returned a general verdict awarding plaintiff $375,000 in compensatory damages and $625,000 in punitive damages after having been instructed on theories of breach of contract, breach of fiduciary duty arising from contract, and fraud and intentional misrepresentation. The state trial court remitted the punitive damage award to $100,000 as the *ad damnum* clause in plaintiff's pleading had sought only that amount.

7. Defendant noticed an appeal to the Supreme Court of Virginia but failed to perfect it.

8. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 17, 1989.

9. On October 16, 1989, plaintiff filed this adversary proceeding seeking a determination that the judgment entered in the state court proceeding was nondischargeable under 11 U.S.C. § 523 and that the doctrine of collateral estoppel precludes relitigation of the issues.

## CONCLUSIONS OF LAW

Movant argues that the judgment rendered in the state court proceeding is ex-cepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4), and that the doctrine of collateral estoppel precludes relitigating the factual findings implicit in the jury verdict and the judgment rendered.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that a bankruptcy court is not bound by the doctrine of *res judicata* in dischargeability proceedings. However, the court expressly declined to rule on the issue of whether a bankruptcy court is bound by the narrower concept of collateral estoppel in dischargeability proceedings. 442 U.S. at 138–39, 99 S.Ct. at 2212–13.

The United States Court of Appeals for the Eleventh Circuit has extended the *Brown* doctrine holding that a bankruptcy court is bound by the doctrine of collateral estoppel in dischargeability proceedings under certain circumstances. *See In re Latch*, 820 F.2d 1163, 1166 (11th Cir.1987); *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987); *In re Reynolds*, 122 B.R. 455 (Bankr.M.D.Fla.1990).

In order to apply collateral estoppel in a dischargeability proceeding, the creditor must establish the following elements:

(a) the issue at stake must be identical to the one involved in the prior litigation;

(b) the issue must have been actually litigated in the prior proceeding; and

(c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).

## I. THE ISSUE AT STAKE IS IDENTICAL TO THE ONE INVOLVED IN THE STATE COURT LITIGATION.

The *Halpern* test first requires that "the issue at stake must be identical to the one involved in the prior litigation." *Id.* The issue at stake in a dischargeability proceeding under 11 U.S.C. § 523(a)(2)(A) is as follows:

[T]he plaintiffs must prove ... that: (i) the defendant made material false representations; (ii) that at the time he made them he knew they were false; (iii) that he made them with the intention of deceiving the other creditor; (iv) that the other party relied upon those representations; and (v) that the other party sustained the alleged loss and damages as the proximate result of these representations.

*In re Cochran,* 90 B.R. 523, 525 (Bankr. M.D.Fla.1988).

Instruction No. 4 given to the jury in the state court proceeding framed the same factual issue:

Actual fraud is the intentional misrepresentation of a material fact with the intention to mislead another person, which that person relied upon with the result that he was damaged by it.

The jury was further instructed that, "the burden is on the party charging fraud to prove it by clear and convincing evidence." Pursuant to a recent United States Supreme Court decision, the burden of proving fraud under § 523 is not by clear and convincing evidence but rather a preponderance of evidence.[1] Therefore, not only was the issue the same in the state court litigation, it was proven at a higher standard than required under the Bankruptcy Code.

In *In re Powell,* 95 B.R. 236 (Bankr.S.D. Fla.1989), that court held that the elements of common law fraud in Florida "closely mirror" the requirements of § 523(a)(2)(A) and, hence, are "sufficiently identical ... to meet the first prong of the test for collateral estoppel." *Id.* at 239. Likewise in this case, the Court finds that the fraud instruction given to the Virginia jury satisfies this prong of *Halpern.*

In a proceeding under § 523(a)(4), the plaintiff must prove (i) that the defendant committed fraud, and (ii) that the defen-

dant was acting in a fiduciary capacity. *See, e.g., In re Moran,* 107 B.R. 359, 361 (Bankr.M.D.Fla.1989). As discussed above, the fraud instructions given to the jury "closely mirror" the elements required for a finding of fraud under § 523(a)(2)(A). Also, that jury was further instructed that, "Every partner of a partnership is accountable to his partners as a fiduciary and is liable to his partner for any use by him of its property." Under Virginia law:

The relation [between partners] is one of mutual trust and confidence. The utmost good faith, the most scrupulous honesty, is exacted of each party toward the other. Each must guard the interests of his coadventurer equally with his own, and must make a frank and full disclosure of all material facts. Each is regarded by the court of equity as a trustee or agent of the other with respect to the enterprise to be undertaken.

*Horne v. Holley,* 167 Va. 234, 239, 188 S.E. 169 (1936).

This Court has previously held that if under applicable state law "the duty of one partner to another [is comparable] to that of a trustee and the trust's beneficiary", the fiduciary relationship of such partners "is within the contemplation of § 523(a)(4)." *In re Cramer,* 93 B.R. 764, 768 (Bankr.M.D.Fla.1988). *See, In re Crosswhite,* 91 B.R. 156 (Bankr.M.D.Fla. 1988); *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir.1986).

Thus, the verdict and judgment in the state court proceeding satisfy the first prong of *Halpern* with respect to both §§ 523(a)(2)(A) and (a)(4).

## II. THE ISSUE OF THIS ADVERSARY PROCEEDING WAS ACTUALLY LITIGATED IN THE PRIOR STATE COURT PROCEEDING.

The second prong of *Halpern* mandates that "the issue must have been actually

---

**1.** In a recent United States Supreme Court case, that court held that the proper standard of proof for determining the dischargeability of debts pursuant to 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard. *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (January 15, 1991). This standard is lower than the clear-and-convincing-evidence standard previously utilized by the Eleventh Circuit Court of Appeals, this Court, and the instruction given to the Virginia jury. *Grogan* is an opinion responding to the split of authority on this issue, and this Court is now bound by *Grogan.*

litigated in the prior proceeding." *Halpern* at 1064. This Court has taken judicial notice of the record of the state court proceeding and determines, as a matter of law, that each element necessary to establish nondischargeability under §§ 523(a)(2)(A) and (a)(4) was litigated by the parties before a jury. Thus, the second prong of *Halpern* is satisfied.

III. THE DETERMINATION OF THE ISSUE IN THIS ADVERSARY PROCEEDING IN THE PRIOR STATE COURT PROCEEDING WAS A CRITICAL AND NECESSARY PART OF THE JUDGMENT IN THAT EARLIER DECISION.

The third and final prong of *Halpern* requires that "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Halpern* at 1064. This requirement is likewise met as the verdict rendered by the jury in the state court proceeding necessarily included a finding of fraud which was a critical and necessary part of the judgment.

This Court finds that application of collateral estoppel is appropriate in this proceeding, that each element necessary for a determination of nondischargeability under §§ 523(a)(2)(A) and (a)(4) was determined in plaintiff's favor in the state court proceeding, and that the debt arising from the state court judgment is excepted from discharge.

A separate Final Judgment will be entered consistent with these Findings of Fact and Conclusions of Law.