**In re Thomas O. McCLAIN, Debtor.**

**Debora HAASE, Plaintiff,**

v.

**Thomas O. McCLAIN, Defendant.**

**Bankruptcy No. 90–2658–3P7.
Adv. No. 90–258.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 16, 1992.

---

name of the employer, a licensed broker. See §§ 475.42(1)(d) and 475.01(2), Fla.Stat.1989.

Michael J. Marees, Jacksonville, Fla., for plaintiff.

Albert S.C. Millar, Jr., Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff, Debora Haase, seeks determination that a portion of a judgment debt owed to her by defendant, Thomas O. McClain, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

A trial was held on November 19, 1991, and plaintiff offered in evidence pertinent portions of the certified record of previous proceedings between the same parties in the Circuit Court of the Second Judicial Circuit of the State of South Dakota (State Court Proceeding), including the complaint, an affidavit filed by plaintiff's attorney, and the final judgment. Defendant did not answer or appear in the State Court Proceeding.

Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

In February of 1986, plaintiff purchased a South Dakota distributorship of cleaning products from Unique Entertainment Concepts, Inc., a South Dakota corporation controlled by defendant and Shayne Hatfield, for $35,000.

The payment was made to Unique Entertainment Concepts, Inc. and defendant signed the memorandum agreement in his capacity as president of the corporation.

Prior to the sale, defendant made material representations to plaintiff concerning the value of Unique Entertainment Concepts, Inc. and its potential for new business. In addition, defendant also represented to plaintiff that she would be buying products from Unique Entertainment Concepts, Inc. at cost and that the merchandise would not be available from any

other source. Plaintiff relied on such representations when she decided to purchase the distributorship.

Defendant's representations concerning the value and business potential of the corporation were false. Plaintiff purchased the distributorship in February of 1986 and by September of that same year the business had faltered and was not operable.

Similarly, defendant's statements concerning the price and availability of merchandise were also false. Rather than being offered to plaintiff at cost, defendant was selling the merchandise to her at 400 percent of the actual cost. In addition, the goods were available from other sources.

The misrepresentations were knowingly made by defendant with intent to induce plaintiff to purchase the distributorship.

On March 9, 1987, plaintiff filed a four count suit against defendant and other parties in South Dakota state court. The first two counts, dealing with conversion, breach of contract, breach of fiduciary duty, and misapplication of funds, are not at issue in this proceeding. Count three sought rescission of the contract based on fraudulent inducement to contract and requested punitive damages. Count four alleged a breach of contract and fraudulent inducement to contract based on the overcharging for products.

Defendant Thomas McClain failed to answer to state court complaint and on June 24, 1987, a default judgment was entered against him. Judgment was entered in favor of plaintiff on count three for $35,000 and on count four for $40,000. No findings were made by the state court.

## CONCLUSIONS OF LAW

■ Plaintiff initially argues that the doctrine of collateral applies, thus dictating that the judgment entered on counts three and four of the state court complaint is excepted from discharge pursuant to § 523(a)(2)(A). Plaintiff then contends that if the elements of collateral estoppel have not been satisfied, sufficient evidence was presented at the bankruptcy trial to permit a finding of fraud under § 523(a)(2)(A).

The United States Supreme Court held in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), that in dischargeability proceedings the bankruptcy court is not bound by the doctrine of *res judicata*. However, the Court expressly declined to rule on whether the narrower concept of collateral estoppel applies in such proceedings. 442 U.S. at 138–139, 99 S.Ct. at 2212–13.

Holding that under some circumstances a bankruptcy court is bound by the doctrine of collateral estoppel in exception to discharge proceedings, the United States Court of Appeals for the Eleventh Circuit has extended the *Brown* doctrine. *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987). *See In re Latch*, 820 F.2d 1163, 1166 (11th Cir.1987); *In re Jolly*, 124 B.R. 365, 366 (Bankr.M.D.Fla.1991); *In re Reynolds*, 122 B.R. 455 (Bankr.M.D.Fla.1990).

■ The application of collateral estoppel in an exception to discharge proceeding requires that the requesting party satisfy the following three elements:

(a) the issue at stake must be identical to the one involved in the prior litigation;

(b) the issue must have been actually litigated in the prior proceeding; and

(c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).

The *Halpern* test first requires that "the issue at stake must be identical to the one involved in the prior litigation." *Id.* The United States Supreme Court recently held that the standard for proving fraud under § 523 is preponderance of the evidence, rather than clear and convincing evidence. *Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, the state court issue of fraud is usually governed by the same standard of proof utilized in § 523 proceedings.

South Dakota law defines fraud as:

Actual fraud in relation to contracts consists of any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another thereto or to induce him to enter into the contract:

(1) The suggestion as a fact of that which is not true by one who does not believe it to be true....

S.D.Codified Laws Ann. § 53–4–5 (1991). In addition, case law indicates that the appropriate standard of proof in South Dakota fraud cases is preponderance of the evidence. *Aschoff v. Mobil Oil Corporation*, 261 N.W.2d 120, 125 (S.D.1977). Accordingly, the issues involved in the state litigation and this proceeding are identical and the first element has been satisfied.

The second prong of *Halpern* requires that "the issue must have been actually litigated in the prior proceeding." *Halpern* at 1064. "Actually litigated" only contemplates that the defendant have been given a full opportunity to present a defense. Defendant, having chosen not to answer the state court complaint, cannot now claim that the judgment should be ignored because he decided not to participate in the state court litigation. As this Court previously stated:

> Debtor/defendant could have reasonably foreseen the consequences of not defending an action based in part on fraud. It would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance.

*In re Wilson*, 72 B.R. 956, 959 (Bankr. M.D.Fla.1987). Thus, the second prong of *Halpern* is satisfied.

The third and final prong of *Halpern* states that "the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Halpern* at 1064. The state court judgment contains no findings and merely recites the sum to be recovered for each count. The basis for each award is not clear and there is no indication as to whether the awards are duplicative or whether each amount is independent.

Given the absence of any factual findings by the state court, this Court cannot conclude that the fraud issue in the state proceeding was a critical and necessary part of the judgment. Consequently, the third element has not been satisfied and the collateral estoppel doctrine cannot be applied to the case at bar.

■ Having concluded that collateral estoppel does not apply, the Court will look to the evidence presented in this adversary proceeding to determine if the elements of § 523(a)(2)(A) have been met. Section 523(a)(2)(A) provides in relevant part:

> (a) A discharge under ... this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension,, renewal, or refinancing of credit, to the extent obtained by—
>
> .    .    .    .    .
>
> (A) false pretenses, a false representation, or actual fraud....

In order to be successful, a creditor must prove the following:

> (i) the debtor made a false representation with the purpose and intention of deceiving the creditor;
> (ii) the creditor relied on such representation;
> (iii) his reliance was reasonably founded; and
> (iv) the creditor sustained a loss as a result of the representation.

*In re Graham*, 122 B.R. 447, 450 (Bankr. M.D.Fla.1990); *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986).

Plaintiff testified that defendant knowingly falsely represented the worth and potential of the distributorship, as well as the price and availability of the merchandise. Plaintiff reasonably relied on such statements when she decided to purchase the distributorship. Thus, defendant's deception induced plaintiff to enter into the distributorship contract.

■ Under § 523(a)(2)(A) only monies actually obtained by fraud are excepted from discharge. *In re Wilson*, 72 B.R. at 960. In this case the actual purchase price of

$35,000 was the only sum obtained by fraud. Thus, only $35,000 can be excepted from defendant's discharge.

Pursuant to § 523(a)(2)(A), the $35,000 debt defendant owes plaintiff based on the South Dakota judgment on count three is excepted from defendant's discharge.

A separate Final Judgment will be entered consistent with these Findings of Fact and Conclusions of Law.