**In re Lanny F. WILES and Susan S. Wiles, Debtors.**

**J.C. FAW, O. Doyle Claywell, Tom G. Webb, and Trent Development Associates, a North Carolina general partnership, Plaintiffs,**

v.

**Lanny F. WILES and Susan S. Wiles, Defendants.**

**Bankruptcy No. 91–2718–3P7.**

**Adv. No. 91–1604.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 22, 1992.

---

Kelly B. Mathis, Jacksonville, Fla., for plaintiffs.

James A. Fischette, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is heard upon plaintiffs' Motion for Summary Judgment on Counts I and II of the complaint. Plaintiffs, J.C. Faw, O. Doyle Claywell, Tom G. Webb, and Trent Development Associates, seek a determination that a portion of a judgment debt owed by defendants, Lanny F. and Susan S. Wiles, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

A hearing on the summary judgment motion was held on April 29, 1992. The Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

In April of 1989, defendant Lanny Wiles sued J.C. Faw, O. Doyle Claywell, Tom G. Webb, C. Richard Vaughn, and Maurice R. Elledge in North Carolina state court. The complaint sought relief for damages arising out of certain transactions concerning Trent Development Associates, a partnership of which all parties were partners.

Plaintiffs answered the state court complaint, filed a counter-claim, and asserted a third party complaint against defendant Susan S. Wiles. Plaintiffs claimed the following grounds for relief in the North Carolina action: 1) breach of fiduciary duties, 2) conversion with intent to deprive the owner, 3) obtaining or using property of another with intent to deprive the owner, 4) breach of fiduciary duties, 5) conspiracy to

convert funds owned by another to their own personal use and benefit, and various other counts including breach of contract.

The North Carolina trial was held on October 1, 1990, and neither of the defendants in this proceeding appeared at the time, personally or through counsel. The court heard the evidence, made findings, and entered judgment for the state court defendants.

The Judgment included the following findings:

6. At all times material hereto, the defendants, Faw, Claywell and Webb, and the plaintiff, Lanny F. Wiles, along with Elledge were general partners of a North Carolina partnership known as Trent Development Associates (Trent).

.    .    .    .    .

8. Elledge was at all times material hereto the managing partner of Trent Development.

9. On or about April 21, 1986, Tucker State Bank made a loan or loans in the aggregate principal amount of at least $200,000.00 to Elledge, the plaintiff and the third-party defendant, Susan S. Wiles (the subject loan).

10. To secure or partially secure the subject loan, Elledge and the plaintiff took $130,231.25 of funds owned by Trent Development. These funds were used by Elledge and the plaintiff to purchase a certain certificate of deposit from Tucker State Bank in the amount of $130,231.25 which certificate of deposit was purchased in the name of Trent Development and was designated certificate number 2201 (the certificate of deposit).

11. The third-party defendant, Susan S. Wiles knew or should have known that the said funds were wrongfully and unlawfully taken from Trent Development's possession and control and that the certificate of deposit was the property of Trent Development.

12. The certificate of deposit was hypothecated by Elledge and the plaintiff, purporting to act on behalf of Trent Development, to Tucker State Bank as security for the subject loan.

13. The partners of Trent Development did not authorize the removal of these funds ($130,231.25) from the accounts of Trent Development. Neither did the partners of Trent Development authorize the purchase of the certificate of deposit nor did they authorize the hypothecation of the certificate of deposit to Tucker State Bank as security for the subject loan.

14. The subject loan went into default and was later satisfied in whole or in part by Tucker State Bank seizing and negotiating the $130,231.25 certificate of deposit.

15. The third party defendant acted in concert with the plaintiff and Elledge in accomplishing each of the following acts: (a) Taking funds from the accounts of Trent Development sometime prior to April 21, 1986; (b) Purchasing with the funds taken from Trent Development, the certificate of deposit from Tucker State Bank; (c) Hypothecating the certificate of deposit to Tucker State Bank as security for a loan or loans to the plaintiff the third-party defendant, Susan S. Wiles, Elledge and Elledge and Associates; (d) Allowing Tucker State Bank to take and negotiate the certificate of deposit in a settlement or partial settlement of the loan or loans to the plaintiff, the third-party defendant, Susan S. Wiles, and Elledge; and (e) Failing or refusing to return the funds with interest together with the certificate of deposit upon demand of the defendants, Faw, Claywell and Webb.

Each act was accomplished pursuant to a conspiracy to convert funds belonging to Trent and its partners, Faw, Claywell and Webb to the personal use and benefit of the plaintiff, the third party defendant and Elledge.

16. At all times material hereto the certificate of deposit was owned by and legal title to it with all equitable interest therein was vested in the partners of Trent.

.    .    .    .    .

BASED upon the foregoing finds [sic] of fact, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The partnership Trent Development Associates shall have and recover the sum of $130,231.25 plus interest from April 21, 1987, jointly and severally, from the plaintiff Lanny Wiles and from the third party defendant Susan S. Wiles.

Several months after the entry of the state judgment, defendants filed a motion to set it aside. In denying the motion, the North Carolina court found that no facts existed to justify relieving defendants of the judgment.

## CONCLUSIONS OF LAW

Plaintiffs argue that no genuine issue of material fact exists and the doctrine of collateral applies, thus mandating that summary judgment be entered in their favor on Counts I and II of the complaint. Defendant counters by claiming that all the elements of collateral estoppel have not been satisfied, thus precluding entry of summary judgment in favor of plaintiff.

The facts concerning the entry of the state court judgment are not at issue, consequently resolution of the summary judgment motion requires a consideration of the application of collateral estoppel.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the United States Supreme Court held that bankruptcy courts are not bound by the doctrine of *res judicata* in dischargeability proceedings. The United States Court of Appeals for the Eleventh Circuit has extended the *Brown* doctrine and permits bankruptcy court to apply the doctrine of collateral estoppel in exception to discharge proceedings under certain circumstances. *In re Halpern*, 810 F.2d 1061, 1064 (11th Cir. 1987). *See In re Latch*, 820 F.2d 1163, 1166 (11th Cir.1987); *In re Jolly*, 124 B.R. 365, 366 (Bankr.M.D.Fla.1991); *In re Reynolds*, 122 B.R. 455 (Bankr.M.D.Fla.1990).

■ The application of collateral estoppel in an exception to discharge proceeding requires that the requesting party satisfy the following three elements:

(a) the issue at stake must be identical to the one involved in the prior litigation;

(b) the issue must have been actually litigated in the prior proceeding; and

(c) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier decision.

*In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987).

■ The *Halpern* test first requires that "the issue at stake must be identical to the one involved in the prior litigation." *Id.* The United States Supreme Court recently held that the standard for proving an exception to discharge under § 523 is preponderance of the evidence, rather than clear and convincing evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The state court issues of fraud, breach of fiduciary duty, embezzlement, and larceny are usually governed by the same standard of proof utilized in § 523 proceedings. The issues asserted in the state court complaint mirror the issues of Counts I and II of this adversary complaint and the first element of *Halpern* has been satisfied.

■ The second prong of *Halpern* requires that "the issue must have been actually litigated in the prior proceeding." *Halpern* at 1064. "Actually litigated" only contemplates that the defendant have been given a full opportunity to present a defense. Defendant Lanny Wiles initiated the state court action and defendant Susan Wiles answered the third party complaint. A trial was conducted by the North Carolina court, evidence was taken, and findings were made. Defendants now cannot complain because they failed to participate in the duly noticed trial.

This Court has found that a default judgment satisfies the "actually litigated" prong of *Halpern*. *In re Wilson*, 72 B.R. 956, 959 (Bankr.M.D.Fla.1987). Therefore, where a party participated in a suit and chose not to appear at a properly noticed trial, the element is also fulfilled. Thus, the second prong of *Halpern* is satisfied.

■ The third and final prong of *Halpern* states that "the determination of the issue in the prior litigation must have been

**350**

a critical and necessary part of the judgment in that earlier action." *Halpern* at 1064. The state court judgment contains extensive findings and holds the two defendants in this proceeding guilty of a conspiracy to convert funds. Conversion is separate and distinct from fraud, fraud in fiduciary capacity, embezzlement, and larceny.

Consequently, this Court cannot conclude that the fraud, breach of fiduciary duty, embezzlement, or larceny issues in the state proceeding were a critical and necessary part of the judgment as entered. Accordingly, the third element has not been satisfied and the collateral estoppel doctrine cannot be applied to the proceeding at bar.

Having concluded that collateral estoppel does not apply, the Court will deny plaintiffs' Motion for Summary Judgment.

A separate Order will be entered consistent with these Findings of Fact and Conclusions of Law.