Catherine Peek McEwen, United States Bankruptcy Judge
THIS PROCEEDING came before the Court to consider the Plaintiff's Motion for *508 Summary Judgment (the "Motion") (Doc. 35). The Defendant, who is pro se, did not file a response to the Motion.[1]
In this adversary proceeding, the Plaintiff asserts that the Defendant submitted a false financial statement to the Plaintiff in order to induce the Plaintiff to lease certain real property to a corporation owned by the Defendant. Based on these assertions, the Plaintiff seeks a summary judgment determining that (i) the debt owed by the Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B)[2] or, alternatively, (ii) the Defendant's discharge should be denied pursuant to § 727(a)(5).
The Motion must be denied because the Plaintiff has not met its burden of showing the absence of any genuine dispute of material fact. Specifically, to prevail on either Count II or V, the Plaintiff must establish as an undisputed fact that the financial statement attached to the complaint was prepared by the Defendant, and the Plaintiff has failed to do so. In addition, with respect to Count II, the Plaintiff has failed to show as an undisputed fact that the Defendant reasonably relied on this financial statement. As to Count V, the Plaintiff has failed to establish that no genuine factual dispute exists regarding the actual value of the Defendant's assets on the date the financial statement was prepared and on the date the filed for bankruptcy relief.
A. The Complaint and Answer
The Defendant is a debtor under Chapter 7 of the Bankruptcy Code, having filed a petition for relief on April 9, 2018. Thereafter, the Plaintiff timely filed a complaint to determine the dischargeability of a debt and to deny the Defendant's discharge. More specifically, the complaint contains five Counts: Count I for nondischargeability under § 523(a)(2)(A) for false pretenses, a false representation, or actual fraud; Count II for nondischargeability under § 523(a)(2)(B) for a written false financial statement; Count III for nondischargeability under § 523(a)(6) for willful and malicious injury; Count IV for denial of discharge under § 727(a)(3) for failure to keep financial records; and Count V for denial of discharge under § 727(a)(5) for failure to explain satisfactorily a loss of assets.
In support of the requested relief, the Plaintiff alleges in the complaint that the Defendant provided the Plaintiff with a personal financial statement dated September 30, 2015, in order to induce the Plaintiff to lease certain real property to the Defendant's corporation. The financial statement attached to the complaint reflects a total value of $10,476,000 for the Defendant's assets and reflects total liabilities of $514,200, yielding a net worth of $9,961,800. The Plaintiff further alleges that it entered into a lease with the Defendant's corporation in reliance on this financial statement, the Defendant signed a guaranty of the lease, the Defendant's corporation defaulted on the lease, and the Plaintiff thereafter obtained a state court judgment against the Defendant for breach of his guaranty. Further, the Plaintiff asserts in the complaint that the Defendant has failed to adequately account *509 for the loss of stocks, bonds, and/or mutual funds that he described in the financial statement as having a combined value of $8,745,000, while subsequently indicating in his bankruptcy schedules that he owns no stocks, bonds, or mutual funds.
In the complaint, the Plaintiff states that at the first meeting of creditors in the Defendant's bankruptcy case, the Defendant "admitted under oath that the 2015 Financial Statement was a false representation and that [the Defendant] did not have the net worth in assets represented at the time of the representation and delivery of the 2015 Financial statement to [the Plaintiff]." In addition, the Plaintiff asserts in the complaint that the Defendant's bankruptcy schedules reflect that he did not have many of the assets listed in the financial statement as of the petition date.
The Defendant filed an answer and affirmative defenses (Doc. 10) to the complaint. In his answer, the Defendant admits providing a financial statement to the Plaintiff, but he denies that the document attached to the complaint is a true copy of the financial statement that he submitted. Specifically, the Defendant states that he did not prepare or sign the document attached to the complaint and that the signature on the document appears to be "the one commonly used in his online emails and not his original signature."
B. The Motion for Summary Judgment on Counts II and V
The Plaintiff seeks summary judgment only as to Count II of the Complaint under § 523(a)(2)(B) and Count V of the Complaint under § 727(a)(5). Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment motions and is made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party requesting the entry of summary judgment thus has the burden of demonstrating the absence of a genuine dispute of material fact. Further, a court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion, and any doubt as to the existence of a genuine issue of material fact must be resolved in favor of denying the motion[3]
Here, the Plaintiff attached five exhibits (the "Exhibits") in support of its Motion. The first exhibit is a Declaration of Timothy Geddes, the Plaintiff's managing member. The second and third exhibits are copies of the state court judgments entered against the Defendant and the Defendant's corporation before the bankruptcy case was filed. The fourth exhibit is a copy of a document entitled "Individual Personal Financial Statement of: John A. Fricks as of September 30, 2015." And the fifth exhibit is a copy of the transcript of the § 341 meeting of creditors conducted in the Defendant's bankruptcy case.
C. Preparation of Financial Statement
The Court has considered the Exhibits in the light most favorable to the Defendant as the non-moving party and is not satisfied that they establish the absence of a dispute as to material fact. First, the Exhibits do not show as an undisputed fact that the Defendant prepared and signed the financial statement attached to the complaint.
*510 The Plaintiff asserts in the complaint that the Defendant acknowledged at his meeting of creditors that he signed the financial statement and delivered it to the Plaintiff. The transcript of the meeting of creditors includes the Defendant's testimony that he provided a financial statement to the Plaintiff in connection with the lease of real property to his corporation.[4] But the transcript does not evidence the Defendant's admission that he signed the particular document attached to the complaint or that he delivered that document to the Plaintiff. When shown the document at the meeting of creditors, the Defendant stated that he did not recall providing it to the Plaintiff and asked to see a document with an original signature.[5] The Defendant then testified that he could not address the values on the document because the "numbers are clearly not my numbers."[6] When pressed to estimate the value of securities personally owned by him on the date of the financial statement, the Defendant answered, "Probably a hundred thousand dollars or less."[7] The Court also notes that the signature on the lease and guaranty executed by the Defendant does not appear to match the Defendant's signature on the financial statement.[8]
Additionally, Geddes' Declaration does not show that he had personal knowledge of the Defendant's delivery of the document. In his Declaration, Geddes states only that the Defendant provided his personal financial statement "to Plaintiff."[9] The Defendant testified at the meeting of creditors that he had never met Geddes and that he submitted his financial statement to another individual associated with the Plaintiff.
For the reasons shown above, the Exhibits attached to the Motion do not show as an undisputed fact that the Defendant prepared and signed the financial statement attached to the complaint/Motion. This precludes the Court from granting the Motion as to either Count II or V.
D. Reasonable Reliance
The Count cannot grant the Motion as to Count II for an additional reason. The Exhibits fail to establish as an undisputed fact that the Plaintiff reasonably relied on the representations contained in the financial statement. Section 523(a)(2)(B) provides that the debt owed to a particular creditor is not dischargeable if it is a debt is based on an intentionally false financial statement, "on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied." The "reasonable reliance" standard under § 523(a)(2)(B) is a more stringent standard than the "justifiable reliance" standard of § 523(a)(2)(A).[10] The heightened reliance standard for allegedly false financial statements under § 523(a)(2)(B) reflects "Congress' effort to *511 balance the potential misuse of such statements by both Defendants and creditors."[11] A determination of whether a creditor's reliance was reasonable is made on a case-by-case basis considering the totality of the circumstances, including whether: 1) the creditor followed its established lending procedure; 2) the creditor verified the financial statement through outside sources; 3) the creditor had a previous relationship with the debtor; and 4) the financial statement contained any "red flags."[12]
Here, Geddes stated in his Declaration that the Plaintiff "did not previously know anything about Defendant Fricks, had never encountered him, and had never had any dealings with him whatsoever prior to his providing the 2015 Financial Statement to Plaintiff."[13] The financial statement included entries that the Defendant owned "Securities - stocks/bonds/mutual funds" worth $8,745,000, real estate worth $785,000, and total assets worth $10,476,000.[14] But the Motion and attachments do not show that the Plaintiff checked any public real property records, requested any statements from the Defendant's financial institutions, or performed even a minimal investigation of the Defendant's "high net worth" (as characterized in the complaint) before entering into the lease with the Defendant's corporation. Moreover, the Defendant testified at the meeting of creditors that he did not submit a financial statement to the Plaintiff until after the lease to his corporation was signed.[15] The timing issue alone, depending on the evidence, could belie any reliance by the Plaintiff on the Defendant's financial statement in entering into the lease. Under these circumstances, the Court finds that the Exhibits attached to the Motion do not show as an undisputed fact that the Plaintiff reasonably relied on the financial statement.[16]
E. Loss of Assets
The Court must also deny summary judgment as to Count V for an additional reason. Count V seeks denial of discharge for failure to explain satisfactorily a loss of assets. As support for Count V, the Plaintiff asserts that the financial statement identifies, among other assets, "Securities - stocks/bonds/mutual funds" worth $8,745,00, and yet, when the Defendant filed for bankruptcy relief approximately two a half years later, he indicated on Schedule B that he owns no stocks, bonds, or mutual funds. In addition to failing to establish the genuineness of the financial statement as an undisputed fact, the Plaintiff has failed to establish the lack of a factual dispute as to the actual value of any stocks, bonds, or mutual funds the Defendant possessed on the date of the financial statement, which value is critical to an allegation that the Defendant has not *512 adequately explained any loss in value of those assets. Furthermore, the complaint states that the Defendant "has failed to adequately explain the loss of certain property, notably the loss of the securities, through his sworn testimony and filings." However, when asked at his meeting of creditors if the Defendant had sold or transferred any personal property other than items previously asked about (e.g., a camera and some furniture), the Defendant responded, "Only stocks to keep the company going." Thus, whether the Defendant "satisfactorily" explained any loss in the value of securities previously owned by him also remains subject to factual dispute.
F. The State Court Judgment
Finally, with respect to the judgment the Plaintiff previously obtained against the Defendant,[17] because the judgment was rendered by a Florida state court, Florida's collateral estoppel law applies.[18] Under Florida law, the following elements are necessary to invoke collateral estoppel: "1) the issue at stake must be identical to the one decided in the prior litigation; 2) the issue must have been actually litigated in the prior proceeding; 3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and 4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case."[19]
Here, the Plaintiff's judgment against the Defendant is for breach of the Defendant's guaranty.[20] The elements of a breach of contract action do not correspond to the elements of an action for nondischargeability.[21] Moreover, the judgment itself contains no findings of fact; it merely recites the sum awarded, plus interest and attorney's fees "in accordance with Section 18D of the Lease."[22] Simply put, the judgment fails to establish the required elements to determine nondischargeability under § 523(a)(2)(B) or to deny discharge under § 727(a)(5).
G. Conclusion
The Plaintiff seeks summary judgment relief as to Count II for nondischargeability based on an assertion that the Defendant submitted a false financial statement to the Plaintiff in order to induce the Plaintiff to lease certain real property to the Defendant's corporation. The Plaintiff seeks summary judgment relief as to Count V for denial of discharge on an alternative theory, which is that the Defendant submitted a truthful financial statement and has not satisfactorily explained the loss of the assets reflected in that statement. The Motion for Summary Judgment should be denied because the Plaintiff has not met its burden of showing the absence of any genuine dispute of material *513 fact as to: (i) the genuineness of the financial statement, (ii) the Plaintiff's reasonable reliance thereon, (iii) whether the values shown in the financial statement were accurate when the statement was prepared, and (iv) the lack of satisfactory explanation of any loss of assets.
Accordingly, it is
ORDERED that the Plaintiff TG Atlantic Boulevard, LLC's Motion for Summary Judgment is DENIED.
Attorney Jeffrey S. York is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.
ORDERED.

When a motion for summary judgment is directed to an unrepresented litigant, the Eleventh Circuit Court of Appeals generally has required the court to notify the litigant at a minimum of "(1) the need to file affidavits or other responsive materials, and (2) of the consequences of default." Farred v. Hicks , 915 F.2d 1530, 1534 (11th Cir. 1990). Although no such notice was provided in this proceeding, the Defendant is not prejudiced because the Court is denying the Plaintiff's Motion. Even so, the Court apologizes to the Debtor for omitting the notice.

All statutory citations henceforth are to the Bankruptcy Code, Title 11 of the United States Code.

Al-Rayes. et al. v. Willingham (In re Willingham) , 497 B.R. 344, 347 (Bankr. M.D. Fla. 2013) ; Posillico v. Bratcher (In re Bratcher) , 281 B.R. 753, 759 (Bankr. M.D. Fla. 2002).

Exhibit 5 to the Motion, pp. 25-26.

Id. at pg. 27.

Id. at pp. 27-28.

Id. at pp. 29-30.

Compare Exhibit A to the Complaint (lease and guaranty) with Exhibit B to the Complaint (financial statement).

Exhibit 1 to the Motion.

Field v. Mans , 516 U.S. 59, 77, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) ("[t]he Bankruptcy Court's requirement of reasonableness clearly exceeds the demand of justifiable reliance that we hold to apply under § 523(a)(2)(A)"). See also, Lamar, Archer & Cofrin, LLP v. Appling , --- U.S. ----, 138 S. Ct. 1752, 1763, 201 L.Ed.2d 102 (2018) ("The text of § 523(a)(2) plainly heightens the bar to discharge when the fraud at issue was effectuated via a 'statement respecting the debtor's financial condition.' ").

Lamar, 138 S. Ct. at 1763-64.

Bank of N. Ga. v. McDowell (In re McDowell) , 497 B.R. 363, 370-71 (Bankr. N.D. Ga. 2013).

Exhibit 1 to the Motion.

Exhibit 4 to the Motion.

Exhibit 5 to the Motion, p. 26 ("[A]ny financial statement I would have given him would have been after the lease was signed.").

See Transouth Fin. Corp. v. Duncan (In re Duncan) , 81 B.R. 665, 668 (Bankr. M.D. Fla. 1987) ("[N]o verification was made concerning the ownership of the Defendants, the value of the property, the mortgages on the property, who was in possession of the property, or whether the mortgages were in default. Among other things, a financial statement dated March 14, 1985 was submitted to Transouth on August 20, 1985, possibly after the loan was approved. Therefore, this Court finds Transouth did not reasonably rely on the financial statement in making the loan.").

Exhibit 2 to the Motion.

St. Laurent, II v. Ambrose (In re St. Laurent, II) , 991 F.2d 672, 676 (11th Cir. 1993).

Id.

Exhibit 3 to the Motion.

Ingram v. Tashbar (In re Tashbar), 2012 WL 2150327, *2, Case No. 6:08-bk-11518 (Bankr. M.D. Fla. June 12, 2012) ("A breach of contract cause of action, without more, does not give rise to a nondischargeable debt.") (citation omitted).

Id. See also Haase v. McClaine (In re McClain) , 138 B.R. 294, 297 (Bankr. M.D. Fla. 1992) (where state court judgment merely recited sum to be recovered for each count and contained no findings, bankruptcy court could not conclude that fraud was a critical and necessary part of the state court judgment and could not, therefore, apply collateral estoppel).