Abdul K. McKINNEY, by his mother and next friend, Bessie A. McKINNEY, and Bessie A. McKinney, Individually, Plaintiffs–Appellees,

v.

DeKALB COUNTY, GEORGIA; S.C. Nelson, Individually and as a DeKalb County Police Officer; J.B. Duncan, Individually and as a DeKalb County Police Sergeant; Robert T. Burgess, Individually and as DeKalb County Chief of Police, and Thomas E. Brown, Jr., Individually and as a Director of the DeKalb County Department of Public Safety, Defendants–Appellants.

No. 92–8324.

United States Court of Appeals, Eleventh Circuit.

Aug. 17, 1993.

Melinda Bruley White, County Atty., Decatur, GA, for defendants-appellants.

Freeman & Hawkins, Alan F. Herman, William G. Scoggin, Gregory M. Stokes, Chris Wilkerson, Atlanta, GA, for plaintiffs-appellees.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Plaintiffs Bessie McKinney and her son Abdul brought this action after a DeKalb County police officer shot and wounded Abdul. Plaintiffs asserted Fourteenth Amendment due process and Fourth Amendment unreasonable seizure claims under 42 U.S.C. § 1983, as well as state constitutional and tort claims, against DeKalb County, the county police officer who fired the shots, the county police sergeant who was present at the shooting, the county's Director of Public Safety, and its Chief of Police. The latter four defendants were sued in both their indi-

vidual and official capacities. All defendants moved for summary judgment, asserting governmental and qualified immunity regarding plaintiffs' § 1983 claims, and sovereign and official immunity regarding plaintiffs' state law claims. The district court denied defendants' motion for summary judgment, and defendants appealed.

We affirm the denial of summary judgment as to the claim in his individual capacity against the county police officer who fired the shots. We reverse the denial of summary judgment to the sergeant, the Director of Public Safety, and the Chief of Police in their individual capacities. We dismiss the appeals of the DeKalb County defendants in their official capacities for lack of jurisdiction.

On March 23, 1990, DeKalb County Police Officer S.C. Nelsen,* Sergeant J.B. Duncan, and a third officer (who is not a defendant in this case) responded to a 911 call from Ms. Bessie A. McKinney stating that her son had locked himself in his bedroom with a knife. Upon arrival, the officers found Abdul McKinney, who was sixteen years old, sitting on the floor of his clothes closet with a butcher knife in one hand and a twelve-inch stick in the other.

The parties disagree on the details of the officers' encounter with Abdul, but it is undisputed that Sergeant Duncan knelt a few feet away from Abdul and spoke to him for about ten minutes with no response. After some motion by Abdul, during which he allegedly threw the stick out toward Officer Nelsen and began to rise from his seated position, Officer Nelsen fired five shots, three of which struck Abdul's legs and hip. As a result, Abdul McKinney suffered paralysis and had his right leg amputated above the knee.

The denial of summary judgment to defendants claiming qualified immunity is an appealable interlocutory order. *Mitchell v. Forsyth,* 472 U.S. 511, 526–28, 105 S.Ct. 2806, 2815–17, 86 L.Ed.2d 411 (1985). The denial of summary judgment to the defendants in their official capacities and to DeKalb County is not an appealable interlocutory order. Al-

though the County and official-capacity defendants claimed sovereign immunity in their motion for summary judgment, sovereign immunity does not shield governmental entities from suit in a § 1983 action alleging inadequacy of an official policy or custom. *Monell v. Department of Social Services of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Farred v. Hicks,* 915 F.2d 1530, 1532–33 (11th Cir. 1990). Failure to properly train municipal police officers is considered a "policy or custom" that gives rise to § 1983 liability when such failure reflects deliberate indifference to the constitutional rights of municipal inhabitants. *City of Canton v. Harris,* 489 U.S. 378, 388–92, 109 S.Ct. 1197, 1204–07, 103 L.Ed.2d 412 (1989). In this case, because plaintiffs' complaint stated a cause of action for failure to train, sovereign immunity does not entitle the County and the official-capacity defendants to immunity from suit. Consequently, the district court's denial of summary judgment based on sovereign immunity to the County and official-capacity defendants is not appealable. We decline to exercise pendent jurisdiction over these appeals in this case. *See, e.g., Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1509 (11th Cir.1990).

The issue on this appeal of a denial of summary judgment based on qualified immunity is a purely legal one: first, whether there was a clearly established constitutional right, and second, whether, viewed most favorably to the plaintiffs, the alleged facts show a violation of that right. *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985).

Thomas E. Brown, Jr. and Robert T. Burgess, the county's Director of Public Safety and Chief of Police in their individual capacities, are not subject to suit unless they are alleged to have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The plaintiffs have not been at all clear about how any constitutional right has been violated. They allege that these defendants approved the county's use of force policies and training

---

* Officer Nelsen's name has been erroneously spelled "Nelson" in the caption.

procedures and exhibited indifference and encouraged the use of excessive force by county police officers. As a result, they argue, the officers were not properly trained in the correct way to handle an emotionally disturbed teenager such as Abdul McKinney.

A supervisor can be held liable under § 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff and his conduct was causally related to the constitutional violation committed by his subordinate. *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990). Plaintiffs emphasize the testimony in the affidavit of a criminal justice consultant and trainer, W. Ken Katsaris, who stated that the use of deadly force was inappropriate in this case. Katsaris said that the officers should have kept their distance and should not have drawn weapons or otherwise threatened Abdul. He said that mace or a similar chemical should have been issued to the officers for use in situations such as this. Such hindsight may or may not be accurate. In any event it does not suffice to defeat summary judgment for the supervisors based on qualified immunity.

The evidence submitted by plaintiffs in opposition to defendants' motion for summary judgment fails to establish a disputed issue of fact regarding whether the supervisors' actions or omissions with respect to county training and use of force policies would violate any clearly established constitutional right. The Director of Public Safety and the Chief of Police are entitled to summary judgment.

The constitutional violations allegedly committed by Sergeant J.B. Duncan are that his kneeling a few feet away from Abdul McKinney "crowded" Abdul, creating an unsafe situation, and that he failed to order Officer Nelsen to cease firing promptly. Again, plaintiffs present no clear picture as to how the sergeant's actions violated a clearly established constitutional right. Plaintiffs offer no evidence to create a factual issue as to whether the timing of Officer Nelsen's five shots permitted Sergeant Duncan to order the cease-fire any earlier than he did. Furthermore, as plaintiffs admitted at oral argument, a reasonable officer in Sergeant Duncan's position would have believed his actions to be proper in light of clearly established law. Even if hindsight indicates that Sergeant Duncan would have been more prudent to position himself differently, his actions do not rise to the level of constitutional impropriety. Sergeant Duncan is entitled to summary judgment.

As to Police Officer S.C. Nelsen, the district court correctly denied his claim for summary judgment based on qualified immunity from suit for his shooting of Abdul McKinney. Under the test for qualified immunity, Officer Nelsen could avoid liability for discretionary functions if his alleged conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The law was clearly established before Nelsen's actions in March 1990 that police use of excessive force is a constitutional violation. *Gilmere v. City of Atlanta,* 774 F.2d 1495, 1500–02 (11th Cir.1985), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986). The district court correctly held that the facts are in dispute as to what happened that led Officer Nelsen to fire his gun. As alleged by the plaintiffs, however, Abdul had previously put down his knife and was merely shifting position, not threatening the safety of any persons, when Officer Nelsen shot him. Under these facts, Officer Nelsen is not entitled to summary judgment on the ground of qualified immunity.

We emphasize that all we have decided today is the legal issue that the facts alleged by the plaintiffs support a claim of violation of clearly established law. *Mitchell v. Forsyth,* 472 U.S. 511, 528 n. 9, 105 S.Ct. 2806, 2816 n. 9, 86 L.Ed.2d 411 (1985). The correctness of the plaintiffs' version of the facts, hotly disputed by the defendants, remains to be determined. We therefore affirm the district court's denial of summary judgment to Officer Nelsen and remand so that a trial may be held to determine the reasonableness of his actions.

AFFIRMED in part, REVERSED in part, DISMISSED in part.