

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# Skunda v. PA State Police

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Skunda v. PA State Police" (2002). *2002 Decisions.* Paper 498.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/498

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4000
_____

ANDREW ALEX SKUNDA, III,
                    Appellant

v.

PENNSYLVANIA STATE POLICE;
BRIAN CROUCH
_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No. 00-cv-00995
District Judge: Honorable Robert J. Cindrich
_____

Submitted Under Third Circuit LAR 34.1(a) June 14, 2002

Before: ROTH, RENDELL, and ROSENN, Circuit Judges.

(Filed  August 13, 2002)

_____

OPINION OF THE COURT
_____


ROSENN, Circuit Judge.
     The issue presented in this 42 U.S.C.  1983 action for malicious prosecution is
whether the affidavit filed by Pennsylvania State Police Trooper Brian Crouch set forth
probable cause.  In May 2000, Plaintiff-Appellant Andrew Skunda filed this action in the
United States District Court for the Western District Court of Pennsylvania against
Crouch and the Pennsylvania State Police.  His complaint alleged that the defendants
engaged in malicious prosecution and violated his Fourth and Fourteenth Amendment
rights by subjecting him to arrest without probable cause.  Because we conclude that the
affidavit filed by Crouch established probable cause, we affirm the District Court's grant
of summary judgment in favor of Crouch and the Pennsylvania State Police.

                              I.
     Because the parties are familiar with the facts of this case, we set forth only those
facts that we deem essential to our disposition.  In February 1997, a Pennsylvania State
Police Trooper arrested John R. McMillen for possession of marijuana.  Soon afterwards,
McMillen agreed to work as a confidential informant.  In April 1997, McMillen engaged
in a controlled buy of marijuana from the plaintiff herein, Skunda.  Six months later in
November 1997, Crouch filed an affidavit of probable cause, averring, inter alia, that he
accompanied by Trooper Greg Walton on April 24, 1997, in the Borough of Chicora,
Butler County, Pennsylvania, attempted to conduct a controlled purchase of marijuana.
He and Trooper Walton searched the confidential informant including his vehicle.  This
search revealed no contraband.  Officer Crouch stated that he then gave the confidential
informant $180.00 in official state funds to purchase approximately one ounce of
marijuana from Skunda's residence.  Crouch further averred that he and Trooper Walton:

escorted the confidential informant to the defendant's residence [and] observed the . . . informant exit his vehicle . . . and enter the defendant's residence at approximately 1635 hours. [Crouch] then observed the confidential informant exit the residence, and drive away from the defendant's residence at 1642 hours. [Crouch] escorted the confidential informant back to the undisclosed location, and searched the confidential informant and his vehicle.  This search revealed no contraband.  The confidential informant handed [Crouch] one plastic baggie containing approximately once ounce of marijuana.  The confidential informant related to [Crouch] that the defendant was wearing a camouflage hat, white tank top, and jeans, when he purchased the marijuana from the defendant in his kitchen.

In January 1998, Crouch executed the arrest warrant.  However, in November 1998, a state trial court, after a suppression hearing, found Crouch's explanations of the controlled buy vague.  Also it found that more than one person was present in the room during the buy.  Further, it explained that the confidential informant's reliability was not established in the affidavit.  Thus, the state trial court concluded that the affidavit did no[t] establish probable cause and the charges stemming from the controlled buy were therefore nolle prosed.  Subsequently, Skunda filed this federal action.  The District Court exercised subject matter jurisdiction under 42 U.S.C.   1983 and 28 U.S.C.   1331, 1343.  This Court has appellate jurisdiction pursuant to 28 U.S.C.   1291.

## II.
### A.

Both sides agree that Skunda cannot succeed in his 42 U.S.C.   1983 action for malicious prosecution and defeat Crouch's defense of qualified immunity unless Skunda shows, among other things, that Crouch's conduct violated some clearly established statutory or constitutional right.  Sherwood v. Mulvihill, 113 F.3d 396, 398-99 (3d Cir. 1997).  When a plaintiff in a   1983 action alleges misrepresentation and omissions in the affidavit of probable cause, the plaintiff must satisfy the two part-test developed in Franks v. Delaware, 438 U.S. 154 (1978).  Id. at 399.  Under step one, the plaintiff must show "that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant."  Id. Second, and of significance here, the plaintiff must show "that such statements or omissions are material, or necessary, to the finding of probable cause."  Id.  In determining materiality, the Sherwood court held that the falsehoods are excised, and the omissions are added to the original affidavit by supplying the omitted information to determine whether probable cause existed.  Id. at 399-400.

As a threshold issue, Skunda argues that the doctrine of collateral estoppel prevents re-adjudication of the probable cause issue.  He notes that a state trial court previously concluded that the affidavit filed by Crouch did not establish probable cause. Skunda duly raised that same issue before the District Court.  Regrettably, the defendants did not respond to this argument either before the District Court or this Court.  This argument is not addressed in the District Court's memorandum.

Our own independent research reveals that offensive collateral estoppel does not preclude Crouch from re-litigating the issue of probable cause in this civil action because of lack of privity between him in this civil action and the parties involved in the prior criminal action.  Smith v. Holtz, 210 F.3d 186, 199-200 n.18 (3d Cir. 2000) (noting that police officer sued in his individual capacity in civil action is not in privity with Government in prior criminal prosecution); see also McFarland v. Childers, 212 F.3d 1178, 1185-86 (10th Cir. 2000) (no privity);  Bilida v. McCleod, 211 F.3d 166, 170-71 (1st Cir. 2000) (same); Farred v. Hicks, 915 F.2d 1530, 1533-34 (11th Cir. 1990) (same); Duncan v. Clements, 744 F.2d 48, 51-52 (8th Cir. 1984) (same).  We are puzzled and disappointed by counsel for the defendant's failure to respond to this issue.  Had our research not disclosed a clear answer, we would be inclined to conclude that the defendants waived the argument.

### B.

Summary judgment is proper if after considering "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, . . .

there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In conducting that review, the non-moving party is entitled to all reasonable inferences and the record is construed in the light most favorable to that party. Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

Summary judgment against a party who bears the burden of proof at trial, as does the plaintiff here, is proper if "after adequate time for discovery and upon motion, . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under such circumstances, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323 (internal quotations omitted). Further, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.

A determination of probable is cause is derived from the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 238-39 (1983). Probable cause "exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense or crime has been or is being committed." Berger v. New York, 388 U.S. 41, 55 (1967). In Gates, the Supreme Court stated that when information is obtained from an informant, his "veracity" and "reliability" are "highly relevant" in determining the existence of probable cause. 462 U.S. at 230. However, the Supreme Court cautioned that they are not "separate and independent requirements," but "may usefully illuminate the common-sense, practical question" of probable cause. Id.

Skunda argues that Crouch's affidavit contained material misstatements and omissions, which were material to the probable cause determination. As to misstatements, Skunda contends that Crouch misstated in the affidavit that he saw McMillen enter and exit the location of the alleged controlled buy on April 24, 1997. For support, he cites to the confidential informant's testimony during the suppression hearing that Crouch remained at a nearby cemetery. As to omissions, Skunda argues that Crouch omitted from the affidavit that another person was also in the home during the controlled buy, that McMillen was a first time untested confidential informant against whom there were pending criminal charges, and who had been unable to complete additional subsequent buys. The District Court concluded:

> Even if we reform the affidavit as plaintiff suggests, the facts remain that an informant identified Skunda as a seller of drugs and then lent credence to that claim by performing a controlled buy. The informant was taken to a location near Skunda's home, searched to verify that he had no drugs, given money, and then returned minutes later with marijuana, explaining that he had bought it from Skunda. These facts and circumstances are sufficient to permit a reasonable person to believe that Skunda had committed an offense. Accordingly, we conclude that Crouch is entitled to summary judgment on the ground of qualified immunity.

(Opinion 6).

Even if a genuine issue exists as to whether Crouch made a material misstatement regarding whether he saw McMillen enter and exit the location of the alleged controlled buy or remained at the cemetery, it is still immaterial to the existence of probable cause. Even after adding the omitted information referred to above by Skunda, the informant still led Crouch to a point near Skunda's residence, which, contrary to Skunda's assertions, Crouch verified. In addition, Crouch searched the informant and his car to ensure that he had no drugs. When the informant returned to the cemetery with the marijuana, he claimed he purchased them from Skunda. This is sufficient, based on the totality of the circumstances, "to warrant a man of reasonable caution to believe that an offense or crime has been committed."

Skunda contends that Crouch falsely represented that he followed the informant from the cemetery to Skunda's residence and then back to the cemetery. The only evidence Skunda relies on to show that this was a falsehood was the informant's passing reference during the suppression hearing in state court that "Trooper Crouch waited at the cemetery." This was the totality of his testimony concerning the whereabouts of Crouch during the controlled buy. We conclude that the issue is not genuine based on the current evidence in the record. In a supplemental affidavit filed before the District Court, the informant clarified that the above "statement was an assumption on [his] part." He further stated that he had no personal knowledge as to Crouch's movements after he left the cemetery for Skunda's residence. He concluded: "At no time did I look around to see if the Troopers followed me, nor did I ask them at any point. It's entirely possible that they did park in vehicles on the street near Skunda's residence to watch me go into his house. I did not look around to see if they were following me." As such, Skunda's reliance on the informant's passing reference to Crouch's whereabouts does not create a genuine issue in light of the supplemental affidavit. Therefore, the fact that Crouch followed the informant from the cemetery further solidifies our determination that the affidavit filed by Crouch established probable cause.

Lastly, Skunda argues that the District Court erred in granting total summary judgment. He contends that Crouch's continued conduct violated Skunda's constitutional rights because by January 1998, when the arrest warrant was executed, and afterwards, Crouch "more than likely knew" that the informant was unreliable. Skunda argues that if the magistrate had known at the time he was provided with the affidavit that the informant was "an untested, unreliable informant" he might not have signed the warrant. Even if the informant was not reliable, it would not change the District Court or this Court's disposition of the matter. Under Gates, reliability is not a separate factor in a probable cause analysis and it is not a sine qua non for probable cause. Because there was other supporting information in the Crouch affidavit, independent of the confidential informant's reliability, that provided probable cause to issue the warrant, the magistrate was justified in issuing it.

Thus, we agree with the District Court that summary judgment was appropriate because, even after excising the alleged false statement and supplying the omitted information, there remains no genuine issue of material fact that the affidavit established probable cause.

                              III.
     The judgment of the District Court is affirmed. Each side to bear its own costs.


TO THE CLERK:
Please file the foregoing opinion.

                              /s/ Max Rosenn
                              Circuit Judg