[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2005
THOMS K. KAHN
CLERK

_____

No.  04-15236

_____

D. C. Docket No.  02-03050-CV-TWT-1

ANTHONY FEW,

Plaintiff-Appellant,

versus

COBB COUNTY, GEORGIA,
WILLIAM HUDSON, III, Individually
and in His Official Capacity as a Cobb
County Police Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 24, 2005)**

Before BIRCH, CARNES and FAY, Circuit Judges.

PER CURIAM:

This is Plaintiff Anthony Few's appeal from the district court's entry of

summary judgment in favor of Cobb County, Georgia Officer William Hudson

whom Few sued under 28 U.S.C. § 1983. Few sued Hudson and others in connection with his arrest during which Hudson shot him. Few alleged Hudson and others used excessive force in connection with the arrest. The district court granted summary judgment to all defendants on the excessive force claim. Few appeals only as to Hudson and only as to his claim of excessive force as a result of the shooting. (He does not appeal the entry of summary judgment on his claim that excessive force was used against him after the shooting.)

The premise of the district court's grant of summary judgment against Few is that at the time of the shooting Few was fleeing from Officer Smith and running toward Hudson and was only a short distance away at the time Hudson fired. In his deposition Few testified that he was not fleeing from Smith and running towards Hudson at the time he was shot, but instead he was standing still in an unmenacing manner when he was shot without warning. Despite the obligation to view all of the evidence in the light most favorable to the non-movant, the court did not accept Few's deposition testimony as true for purposes of summary judgment. It gave three reasons for declining to do so.

First, the district court reasoned that Few's guilty plea to, and conviction on, obstruction of justice charges in state court collaterally estops him from contending that he was not running at the time he was shot, because fleeing from

2

Smith was essential to that charge and conviction. That reasoning is foreclosed by our decisions in Webb v. Ethridge, 849 F.2d 546 (11th Cir. 1988), and Farred v. Hicks, 915 F.2d 1530 (11th Cir. 1990).

Second, the district court reasoned that Few's deposition testimony should be disregarded because it is inconsistent with his sworn statement to an officer investigating the shooting for the Internal Affairs Unit of the Cobb County Department of Public Safety. That reasoning is foreclosed by our decision in McCormick v. City of Ft. Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003). In this case, as in that one, the plaintiff offered an explanation for his prior inconsistent statement, the truth of which should be left to the factfinder.

Third, the district court reasoned that Few's deposition testimony is inconsistent with the allegation in paragraph no. 8 of his complaint, which states that: "Anthony Few attempted to elude Officer Smith by running from him, and in doing so, unknowingly headed in the direction of Officers Hudson and Land." The district court cited no authority for the proposition that deposition testimony of the plaintiff may be disregarded for summary judgment purposes if it contradicts an allegation in the complaint. See Dosier v. Miami Valley Broad. Corp., 656 F.2d 1295, 1301 (9th Cir. 1981) ("[The defendant] has done nothing more than point out an inconsistency between [the plaintiff's] deposition and his

complaint. . . . This inconsistency leaves a genuine issue of material fact which must be resolved at trial." (internal citations omitted)). Moreover, the very next paragraph of the complaint states that after initially fleeing from Smith:

> At some point Anthony Few stopped running, and while stopped heard a noise 30 or so feet away to his right, and as he turned his head to the right in the direction of the sound he heard a gunshot and immediately felt great searing pain in his upper body. The bullet entered the right side of his chest and traveled sideways through the front part of his chest . . . .

Complaint ¶ 9. The allegation of the complaint that Few was standing still when shot from a distance of approximately 30 feet away is consistent with the crucial statement in his deposition testimony that he was not running toward any officer when shot.

All of the factors that the district court relied upon—the guilty plea, the conviction, the sworn statement during the Internal Affairs investigation, concessions made in the complaint—all may be used to destroy Few's credibility if he testifies to the contrary of them at trial. It is, however, up to the factfinder to weigh those factors and make the ultimate credibility determination.

The district court's ruling that Hudson was entitled to summary judgment not only on the merits of the claim but also on qualified immunity was based upon its disregard of Few's deposition testimony. Because that was error the qualified

4

immunity ruling must be reversed, too.

The grant of summary judgment in favor of Officer Hudson on the excessive force claim is **REVERSED** to the extent that it concerns the shooting. The grant of summary judgment is otherwise **AFFIRMED**.