UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3782
_____

JOHN HART,

Appellant

v.

THOMAS TARRANT IN HIS INDIVIDUAL CAPACITY AS AN
AGENT FOR THE PENNSYLVANIA BOARD OF PROBATION
AND PAROLE; KIMBERLY ANN MACKEY IN HER INDIVIDUAL
AS A SUPERVISOR FOR THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:17-cv-05055)
District Judge: Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on April 15, 2021

Before: CHAGARES, JORDAN, and SCIRICA, *Circuit Judges*

(Filed: July 29, 2021)

_____

OPINION[*]
_____

---

[*]   This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SCIRICA, *Circuit Judge*

John Hart brought suit against Agent Thomas Tarrant and Supervisor Kimberly Ann Mackey under 42 U.S.C. § 1983 and state tort law related to the revocation of his parole in 2016. For the reasons discussed below, we will affirm the summary judgment order denying Hart's claims.

I

While on parole, Hart was arrested in November 2011. On November 12, 2015, he was convicted of harassment and stalking. Mackey then authorized Tarrant to initiate the parole revocation process on December 1, 2015, and Tarrant requested official verification of the conviction from Philadelphia County that same day. After receiving no response from Philadelphia to either that initial email or a follow up email, Mackey directed Tarrant to go in-person to the Philadelphia Court of Common Pleas, and Tarrant obtained a Trial Disposition and Dismissal Form at the courthouse on February 19, 2016, indicating Hart's conviction.[1] The revocation hearing was held before the Pennsylvania Parole Board[2] on April 5, 2016,[3] and the hearing examiner recommitted Hart as a convicted parole violator.

After the Board affirmed the hearing examiner's order, Hart appealed to the Commonwealth Court of Pennsylvania. He contended the Board failed to hold the hearing

---

[1]  A proof of conviction email was eventually sent from Philadelphia County to Tarrant and Mackey on June 29, 2016.

[2]  The Board was previously known as the Pennsylvania Board of Probation and Parole. 2019 Pa. Laws 115, §§ 15, 16, 16.1.

[3]  The hearing was originally scheduled for March 15, 2016, but it was delayed to April 5 at Hart's request.

within 120 days of receiving the verification of the guilty plea as required by law because the original hearing date of March 15 was 124 days after November 12, which is the print date on the verification form Tarrant picked up in-person and the date of Hart's conviction. 37 Pa. Code § 71.4(1). The Commonwealth Court concluded the Board failed to satisfy its burden to prove by a preponderance of the evidence that the revocation hearing was timely because the Trial Disposition and Dismissal Form presented at the revocation hearing did not indicate when Tarrant received it—the only date on the form was the print date of November 12, 2015. *Hart v. Pa. Bd. of Probation and Parole*, No. 1769 C.D. 2016, 2017 WL 2391957, at *2–3 (Pa. Commw. Ct. June 2, 2017). Additionally, a document that would have suggested the hearing was timely was not admitted into evidence before the Board. *Id.* at *3. Accordingly, Hart was released from custody on June 16, 2017.

Hart then initiated the current lawsuit, alleging his revocation hearing was untimely and violated his Due Process and Eighth Amendment rights and that Tarrant intentionally misrepresented facts at the revocation hearing. Both parties moved for summary judgment, and the District Court granted summary judgment in favor of Tarrant and Mackey. This timely appeal followed.[4]

II[5]

---

[4] The District Court had jurisdiction over the alleged violation of 42 U.S.C. § 1983 under 28 U.S.C. § 1331 and § 1343(a). The court also had jurisdiction over state tort law claims through supplemental jurisdiction under 28 U.S.C. § 1367(a). This court has appellate jurisdiction under 28 U.S.C. § 1291.

[5] We exercise plenary review over the court's summary judgment decision and review conclusions of law *de novo*. *Sikora v. UPMC*, 876 F.3d 110, 113 (3d Cir. 2017). Summary judgment is appropriate where "there is no genuine dispute as to any material

3

At the heart of this litigation is 37 Pa. Code § 71.4(1), which states that a "revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict." "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code § 61.1.

Hart contends collateral estoppel prevents Tarrant and Mackey from relitigating the timeliness determination made by the Commonwealth Court and, even if collateral estoppel does not apply, the date on which Tarrant received notice is genuinely disputed. Each of these arguments fail.[6]

### A.     The District Court correctly declined to apply collateral estoppel.

Hart contends that the doctrine of collateral estoppel prevents Tarrant and Mackey from re-litigating the timeliness of the Board hearing. "Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated." *Weissberger v. Myers*, 90 A.3d 730, 733 (Pa. Super. Ct. 2014) (quoting *Balent v. City of*

---

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6]    Both Hart and Tarrant and Mackey raise several additional arguments. These include qualified immunity, absolute immunity, sovereign immunity, whether Hart's § 1983 claim is cognizable, and supervisor liability under § 1983. Because we hold that collateral estoppel does not apply and the hearing was timely, we need not address these additional arguments.

*Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995)). In order to determine whether collateral estoppel applies in this § 1983 action, we must look to Pennsylvania law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under Pennsylvania law, collateral estoppel requires the proponent of its application to establish four elements:

> (1) An issue decided in a prior action is identical to one presented in a later action;
> (2) The prior action resulted in a final judgment on the merits;
> (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998) (citations omitted). Hart's effort to apply collateral estoppel in the present case fails on the first and third prong.

On the first element, the burden of persuasion has shifted between the parties. In the Commonwealth Court, the government had to establish by a preponderance of the evidence that the Board hearing was timely. While that is the lowest burden of proof, it is different from the burden presented in this case. Here, Hart must prove that the hearing was untimely in order to establish his alleged constitutional violations. In such a scenario where "the burden has shifted to [the] adversary," the Restatement of Judgments instructs that re-litigation of an issue "is not precluded." Restatement (Second) of Judgments § 28(4) (1982); *see also Weissberger*, 90 A.3d at 734 (citing § 28(4) favorably); *Rue*, 713

5

A.2d at 86 (citing favorably to § 28 as establishing when "collateral estoppel should not apply"). Re-litigation of the timeliness issue is not precluded here because the burden has shifted from the government to Hart.

On the third element, Tarrant and Mackey are not in privity with the Board or the government of Pennsylvania. The party adverse to Hart in the Commonwealth Court was the Pennsylvania Parole Board. As we have noted before, government officials "are not in privity with the government in a prior criminal prosecution when sued in their individual capacities." *Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000). Hart attempts to distinguish *Smith* on the grounds that in *Smith* the misconduct was carried out by a different government official than the ones defending the suit, but our reasoning was not so narrow. We relied, in part, on the Federal Practice and Procedure treatise, which stated that "[a] judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against the officials." *Holtz*, 210 F.3d at 199 n.18 (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4458, at 508 (1981)). We find it persuasive that many of our sister circuits have reached similar conclusions.[7] Accordingly, we hold that Tarrant and Mackey were

---

[7] *See Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999) ("[T]he state court's determination in Morgan's criminal trial that defendants committed constitutional violations is not binding in this civil action as there is no privity between the parties."); *see also Bilida v. McCleod*, 211 F.3d 166, 170 (1st Cir. 2000) (reaching the same conclusion); *Farred v. Hicks*, 915 F.2d 1530, 1534 (11th Cir. 1990) (same); *Duncan v. Clements*, 744 F.2d 48, 51 (8th Cir. 1984) (same).

not in privity with the Board or the Commonwealth of Pennsylvania in the Commonwealth Court case and collateral estoppel is not applicable here.

**B.      *There is no genuine dispute of material fact with regards to the date of official verification.***

Hart contends there is a genuine issue of material fact with regard to when Tarrant received official verification of his conviction.  While we must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion," *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original and internal quotations omitted), "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex*, 477 U.S. at 322–26).  This requires more than "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Tarrant and Mackey present several documents in support of their argument that Tarrant received official verification of Hart's conviction in February 2016.  First, there is the PBPP-257C Form, which lists the verification date as February 19, 2016.  Second, there is the Hearing Interview Planner, which also lists the official verification date as February 19, 2016.  Third is a Daily Supervision Report dated February 19, 2016, in which Tarrant noted that he "Acquired Hart 959 FG Cert Philadelphia."

Hart attempts to undermine these documents in four ways.  First, he contends that when Tarrant went to the courthouse in person, he did not receive a "direct, written

7

communication from the convicting court" and therefore was not permitted to initiate the Board hearing. Appellant Br. at 26–27. But the provision of a Trial Disposition and Dismissal Form—a printed document from the courthouse—to Tarrant is unquestionably a direct, written communication, and we find it persuasive that the Commonwealth Court concluded the document received by Tarrant at the courthouse was "sufficient to serve as official verification." *Hart*, 2017 WL 2391957, at *2.

Second, Hart emphasizes that the forms introduced by Tarrant and Mackey were not in the record before the Board or considered by the Commonwealth Court. It does not matter whether the forms were considered by or presented to the Commonwealth Court or the Board—the District Court and our Court can review them in the first instance as we are not bound by the Commonwealth Court's ruling regarding timeliness of the hearing. *See supra* Section II.A.

Third, Hart contends that the documents could have been edited at any time and they do not show when Tarrant entered the information. Vague suggestions that official documents could have been edited at any time are not sufficient to establish a genuine dispute because Hart provides no evidence to support a conclusion that the documents were falsified. *See Celotex*, 477 U.S. at 324 (nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial'" (citation omitted)).

Finally, Hart points to the Trial Disposition and Dismissal Form and its print date of November 12, 2015, to argue that November 12 was the true verification date. The Trial Disposition and Dismissal Form only indicates that it was printed on November 12, 2015,

8

and does not provide a basis for a reasonable jury to conclude that November 12 was the date on which Tarrant received the document.

Since there is no genuine dispute of material fact with regards to the date of official verification, we can conclude Tarrant received official verification on February 19, 2016.[8] This places the Board's hearing within the required 120-day window. Because the hearing was timely, Hart has no basis on which to assert a claim under § 1983 or Pennsylvania tort law.

### III

For the foregoing reasons, we will affirm the District Court's order granting summary judgment.

---

[8] Although at times Hart emphasizes that Tarrant had actual knowledge of the conviction on or around November 12, 2015, Hart also concedes that the 120-day window does not start until the agent receives official verification. *See* 37 Pa. Code § 71.4(1) ("[R]evocation hearing shall be held within 120 days from the date the Board received official verification of the . . . guilty verdict . . . .").